# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

DOUGLAS LONGHINI,

    Plaintiff,

      v.

POP FLORIDA PROPERTIES, LLC and
FLORIDA POP, LLC

    Defendants.

Case no. 1:20-cv-22345-KMW

## DEFENDANT POP FLORIDA PROPERTIES, LLC'S AND FLORIDA POP, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, POP FLORIDA PROPERTIES, LLC ("POP") and FLORIDA POP, LLC ("FLORIDA") (jointly the "Defendants"), through their counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby file their Motion to Dismiss the Plaintiff Douglas Longhini's ("Plaintiff") Complaint [DE 1] ("Complaint"), and is support thereof state as follows

### Statement of Facts[1]

1.    Plaintiff filed the Complaint for injunctive relief, a declaration of rights, Rule 34 inspection, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202, all together in one single Count for "ADA Violations."

2.    Apart from the section identifying the parties, the Complaint only contains allegations that refer to both the Defendants at the same time and stating that they engaged in

---

[1] The facts herein are based on the allegations and documents referenced in the Complaint and matters of public record. We assume for the limited purpose of this motion that the allegations in the Complaint are true, except to the extent they are contradicted by documents referenced in the Complaint or materials subject to judicial notice. *See United State ex rel. Osheroff v. Humana, Inc.*, 776 F. 3d 805, 811 n.4 (11th Cir. 2015).

certain conduct, making no distinction among the two Defendants, though practical realities make plain that all of the defendants could not have participated in every alleged act and fulfilled every role described in the Complaint.

3.   As per the allegations of the Complaint, Plaintiff is an individual with disabilities as described in the ADA. See ¶ 13 of the Complaint.

4.   Paragraph 5 of Complaint alleges that "POP Florida Properties, LLC and [sic] operated a retail business at 5875 NW 36th Street, Virginia Gardens, Florida" (the "Premises").

5.   The Complaint alleges that Florida "owned and operated a restaurant business at [the Premises]." See ¶ 7 of the Complaint.

6.   However, public records show that Florida has never been a registered owner of the Premises. Paragraphs 5 and 7 also state that "Defendants holds itself out to the public as 'Popeyes.'"

7.   The allegations contained in the "Factual Allegations" section of the Complaint are all directed to both Defendants without distinction as to which role each one has in the alleged facts. These allegations are:

- "Defendants [POP and Florida] own, operate and oversee the Commercial Property, its general parking lot and parking spots." See ¶ 14 of the Complaint.

- "Defendants, [POP and Florida], *is* responsible for complying with the obligations of the ADA." [Emphasis added]. See ¶ 21 of the Complaint.

- "Defendants, [POP and Florida], as landlord and owner of the Commercial Property Business, *is* responsible for all ADA violations listed in Paragraph 27 of this Complaint." [Emphasis added]. See ¶ 23 of the Complaint.

- "Defendants, [POP and Florida], have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA." See ¶ 27 of the Complaint. Paragraph 27 also contains allegations as to the alleged violations, without referring specifically to either of the Defendants.

- "The individual Plaintiff, and all other (…), have been denied access to, and have been denied full and equal enjoyment of the goods, services, (…) offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA." See ¶ 29 of the Complaint.

- Paragraph 30 of the Complaint states in relevant part:

    > Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility (…) Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

- Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation. See ¶ 32 of the Complaint

In summary, the allegations of the Complaint are full of inconsistent allegations of facts. First it states that POP operated a retail Business and Florida a restaurant in the exact same location and time, and later that both Defendants own and are landlords of such Premises, even though they

are alleged to be operating a retail and restaurant business there. Furthermore, except for Paragrap 27's description, the Complaint only contains vague and conclusory allegations indistinguishably directed at all the Defendants.

## Memorandum of Law

### A. Legal Standard

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the facial sufficiency of a complaint. See *Blair v. NCL (Bahamas) Ltd.*, 2016 WL 5717560, *2, Case No. 16-21446-CIV-SWITZ-TURNOFF (S.D. Fla., September 30, 2016). Rule 12(b)(6) requires dismissal of a complaint for failure to state a claim "if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" *Hesterly v. Royal Caribbean Cruise Ltd.*, 515 F. Supp. 2d 1278, 1281 (S.D. Fla. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

### B. Arguments

#### 1. The Complaint Fails to Comply with Fed. R. Civ. P. 8 and 10(b).

The Complaint should be dismissed on the basis that it is a clear example of shotgun pleading. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The first opinion to discuss shotgun pleadings in the context of Rules 8 and 10(b) described them as follows:

> The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules.

*T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520. N. 14 (11th Cir.1985) (Tjoflat, J., dissenting). In *Weiland*, the court recognized four types of shotgun pleading, two of which are embodied in the Complaint:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.[11] The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.[13] Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d at 1321–22 (11th Cir. 2015). Here, the Complaint does not separate the three separate causes of action for violation of ADA, declaratory

judgment and Rule 34 Inspection. All the counts are a combination of the entire complaint an by merging all the counts into a sole count against both Defendants, the Complaint incurs in the third type of shotgun pleading described by *Weiland*.

The Complaint is also an example of the fourth type of shotgun pleading since it only contains allegations that the Defendants hereto engaged in certain conduct, making no distinction among the two Defendants hereto, although practical realities make plain that all of the defendants could not have participated in every alleged act. *See, e.g., Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir.2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir.1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'").

Therefore, as the Complaint is currently alleged, it is virtually impossible to know where Plaintiffs' factual allegations against one defendant stop and its allegations against the next begin, this unconscionably forces Defendants to engage in a guessing game regarding facts not properly made against them.

## Conclusion

For the foregoing reasons, Plaintiff's Complaint against POP FLORIDA PROPERTIES, LLC and FLORIDA POP, LLC should be dismissed in its entirety.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the CM/ECF Portal: Anthony J. Perez and Beverly Virues, 4937 SW 74th Court, Miami Florida 33155, email: bvirues@lawgmp.com and bvirues@lawgmp.com on this 30h day of June, 2020.

                                        Respectfully submitted,

                                        s/ *Cristina Hernandez Villar*
                                        Avery A. Dial
                                        Fla. Bar No. 732036
                                        Email: adial@kdvlaw.com
                                        Cristina Hernandez Villar
                                        Fla. Bar No. 102305
                                        Email: cvillar@kdvlaw.com

                                        KAUFMAN DOLOWICH & VOLUCK, LLP
                                        100 SE 3rd Avenue, Suite 1500
                                        Fort Lauderdale, Florida 33301
                                        Telephone:    (954) 302-2360
                                        Facsimile:    (888) 464-7982

                                        *Counsel for Defendant POP Florida Properties, LLC and Florida POP, LLC*